■ DANIEL B. PERELMUTTER, Respondent, v NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Defendant, and MARKS/KRONISH AGENCY, Individually and as Successor to DAVID MARKS AGENCY et al., Appellants.— Order, Supreme Court, New York County, entered November 1, 1979, denying defendants-appellants' motion for summary judgment dismissing the complaint, reversed, on the law, with costs, the motion for summary judgment dismissing the complaint is granted, and the counterclaim is severed. In December, 1964, plaintiff became a career agent with the David Marks Agency (predecessor of the Marks/Kronish Agency), a general agent for the New England Mutual Life Insurance Company. An "Agent's Career Contract" was entered into by the parties, which embodied two provisions pertinent to issues presented on this appeal from Special Term's order denying defendants' motion for summary judgment dismissing the complaint. First, a formula was established pursuant to which plaintiff received a vested right to renewal commissions on policies written and placed by him with the agency so long as the policies remained in force. It is undisputed that plaintiff's right to such commissions vested without regard to any requirement of further services by him. Second, the agency was given the right to "offset

against any Commissions and Service Fees payable to the Agent, his executors, administrators or assigns, any indebtedness from the Agent to the Company or to the General Agent." It is agreed that during his years of service plaintiff incurred an indebtedness to the agency, against which his commissions were offset from time to time, and that part of the debt remained outstanding when plaintiff terminated his assocation in May, 1973 and relocated to California. Shortly thereafter plaintiff commenced a bankruptcy proceeding and was discharged in bankruptcy by an order dated February 27, 1974. Central to the first and fourth causes of action is plaintiff's claim, on its face a surprising one, that the order in bankruptcy had the legal effect of discharging his outstanding indebtedness to the agency but leaving unimpaired his right to receive renewal commissions not already collected at the date of the bankruptcy order. The discharge in bankruptcy having occurred in 1974, the controlling statute is the Bankruptcy Act of 1898. That act provided in pertinent part that a discharge in bankruptcy discharged only "provable debts" (US Code, tit 11, § 35, subd [a]) and that secured debts are not "provable" (US Code, tit 11, § 93, subd [e]): A secured creditor was defined in part as "a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this [act]" (US Code, tit 11, § 1, subd [28]). In *Mutual Trust Life Ins. Co. v Wemyss* (309 F Supp 1221, 1230), it was implicitly held that renewal commissions actually received at the time of the bankruptcy under a contractual arrangement similar to that present here were secured debts within the meaning of the statutory definition and accordingly not dischargeable in bankruptcy. That court found ·it unnecessary to determine whether renewal commissions not yet received as of the date of the bankruptcy order also came within the statutory definition of secured debts. However, we perceive no critical distinction in the statutory definition of secured debt to be drawn between renewal commissions actually received as of the date of bankruptcy and those which are collected thereafter. The basic analysis of the issue set forth in the *Wemyss* case seems to us fully applicable here. In view of this conclusion we find it unnecessary to consider the other contentions of the defendants with regard to the first and fourth causes of action. The remaining two causes of action (the second and third) seek damages, an accounting, and injunctive relief on the basis of varying allegations that the agency has interfered with and impaired plaintiff's relationships with accounts he developed during his service with the agency. The record discloses no intimation that plaintiff expressed any intention to continue to service such accounts when he terminated his association wth the agency and relocated to California. All that the agency did, according to the admissible evidence, was to assign other agents to service accounts that the agency had every right to assume had been effectively abandoned by plaintiff. We perceive no basis in the record for the claims asserted, nor any evidentiary support for the vague intimations of other misconduct presented in the complaint. Accordingly, Special Term's order denying defendants' motion for summary judgment should be reversed and the motion granted. Defendants' counterclaim raising separate issues is severed and may continue as an independent cause of action. Concur—Fein, J. P., Sandler, Ross, Markewich and Lupiano, JJ.